IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| BOBBI JO FLEMING,<br>　　　Plaintiff,<br><br>　　　v.<br><br>WELLS FARGO BANK, N.A.,<br>　　　Defendant. | )<br>)<br>)<br>)      Civil Action No. 3:25CV55 (RCY)<br>)<br>)<br>)<br>) |

### MEMORANDUM OPINION

This is a breach of contract and conversion action brought by Plaintiff Bobbi Jo Fleming based on allegations that Defendant Wells Fargo Bank, N.A. ("Wells Fargo") used Plaintiff's personal funds to pay off a corporate credit line without the authority to do so. The case is before the Court on Wells Fargo's Motion to Dismiss. The Motion has been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will deny the Motion.

### I. BACKGROUND[1]

#### A. Factual Allegations

Plaintiff Bobbi Jo Fleming is an individual and resident of Virginia. Compl. ¶ 1, ECF No. 1-1. Defendant Wells Fargo is a national banking corporation that conducts "extensive personal checking and corporate credit card business." *Id.* ¶ 2. "Sometime in 2003 or 2004," acting as an

---

[1] When deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "accept[s] as true the plaintiff's well-pleaded allegations and views all facts and draws all reasonable inferences in the light most favorable to plaintiff." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Such a standard, however, does not require accepting any unreasonable inferences or a plaintiff's legal conclusions. *Id.* Additionally, a court may consider any documents attached to the complaint. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). At the motion to dismiss stage, a court may consider the face of the complaint, documents attached to the complaint, documents attached to the motion to dismiss that are integral to the complaint and are authentic, and matters of public record subject to judicial notice. *Philips*, 572 F.3d at 180. Applying these standards, the Court construes the facts in the Complaint, including any attached documents, as follows.

agent for a Virginia corporation, Ms. Fleming opened a corporate line of credit account with Wells Fargo. *Id.* ¶ 5. Ms. Fleming, however, was neither a guarantor nor a party to the account. *Id.* Ms. Fleming contends that "she has no obligations to Wells Fargo in her individual capacity on the Wells Fargo corporate credit card account." *Id.* ¶ 6.

Sometime thereafter, Ms. Fleming opened a personal deposit account with Wells Fargo. *Id.* ¶ 7. On or about January 5, 2024, "without authorization and without warning," Wells Fargo removed $81,666.38 ("the Funds") from Ms. Fleming's personal checking account. *Id.* ¶ 8. Five days later, on January 10, 2024, Wells Fargo notified Ms. Fleming that it had removed the Funds to cover the amount due on the previously opened corporate credit account. *See id.* ¶ 8. Ms. Fleming asked Wells Fargo to provide documentation demonstrating its authority to remove the funds, but "Wells Fargo . . . provided nothing." *Id.* ¶ 9. "Wells Fargo continues to hold [the Funds] and, despite requests from [Ms.] Fleming to return the funds to her account, refuses to do so." *Id.* ¶ 10. Finally, Ms. Fleming contends that the terms of her agreement with Wells Fargo did not authorize Wells Fargo "to remove funds from her checking deposit account to offset a balance due and owing in [the] unrelated . . . corporate credit card account." *Id.* ¶ 21.

**B. Relevant Procedural History**

This matter was first filed in the Circuit Court for Chesterfield County, Virginia, on December 17, 2024. Not. Removal 1, ECF No. 1. Wells Fargo removed the matter to this Court on January 27, 2025, on the basis of diversity jurisdiction. *Id.* at 1–2. On February 24, 2025, Wells Fargo filed the instant Motion to Dismiss and an accompanying Memorandum in Support. Wells Fargo's Mot. Dismiss Pl.'s Compl. ("Mot. Dismiss"), ECF No. 7; Mem. Law Supp. Wells Fargo's Mot. Dismiss Pl.'s Compl. ("Mem. Supp. Mot. Dismiss"), ECF No. 8.

On April 16, 2025, Ms. Fleming's counsel filed a Motion to Withdraw. Mot. Withdraw, ECF No. 9. The Court granted the Motion, Order, ECF No. 10, and set the matter for a status

conference on May 22, 2025, *id.*; Order, ECF No. 12. At that status conference, Ms. Fleming appeared by way of her new counsel, Mr. John Mann. *See* ECF No. 15. Mr. Mann, however, did not file his Notice of Appearance, ECF No. 16, until May 29, 2025. Following Mr. Mann's formal appearance, on June 3, 2025, the Court ordered Ms. Fleming to file a response to the instant Motion to Dismiss within thirty days. Order, ECF No. 17. Ms. Fleming did so on July 2, 2025. Pl.'s Resp. to Wells Fargo Bank, N.A. 12(b)(6) Motion ("Pl.'s Resp."), ECF No. 18. Wells Fargo filed its Reply on July 8, 2025. Def.'s Reply Br. Supp. Mot. Dismiss Pl.'s Compl. ("Reply"), ECF No. 19. The matter is accordingly ripe for review.

## II. LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). Federal Rule of Civil Procedure 8 only requires that a complaint set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," "detailed factual allegations" are not required in order to satisfy the pleading requirement of Federal Rule 8(a)(2). *Id.* (citations omitted). The plaintiff's well-pleaded allegations are assumed to be true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted); *see also Martin*, 980 F.2d at 952.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

3

U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Labels and conclusions," a "formulaic recitation of the elements," and "naked assertions" without factual enhancement are insufficient. *Id.*

### III. ANALYSIS

Ms. Fleming advances two counts against Wells Fargo: (1) conversion, Compl. ¶¶ 11–18, ECF No. 1-1; and (2) breach of contract, *id.* ¶¶ 19–24. Both counts rely on Ms. Fleming's contention that Wells Fargo removed the Funds from her personal account despite lacking any authority to do so granted by Ms. Fleming. *See, e.g., id.* ¶ 21.

In the instant Motion, Wells Fargo argues that both counts should be dismissed because, as a factual matter, its transfer of the Funds was specifically authorized by its agreements with Ms. Fleming. *See generally* Mem. Supp. Mot. Dismiss, ECF No. 8. Specifically, Wells Fargo contends that Ms. Fleming opened the corporate credit account in her own name, Mem. Supp. Mot. Dismiss at 3; Reply 1, ECF No. 19, and further that Ms. Fleming expressly authorized it to remove funds from that account to cover other debts with Wells Fargo, Mem. Supp. Mot. Dismiss 3–4. These arguments, however, directly contradict Plaintiff's factual allegations. *Compare id.*, *with* Compl. ¶¶ 5–6, 21 ("The terms of [Ms. Fleming's] agreement with Wells Fargo do not include authorization for Wells Fargo to remove funds from her checking deposit account to offset [the corporate credit account]."). To substantiate its argument, Wells Fargo appends a copy of the agreement Ms. Fleming purportedly signed upon opening the corporate credit account, Mem. Supp. Mot. Dismiss Ex. A, ECF No. 8-1, as well as the terms Ms. Fleming purportedly agreed to

upon opening her personal checking account, Mem. Supp. Mot. Dismiss Ex. B, ECF No. 8-2, (collectively, "the Agreements"). Notably, neither document was included as an exhibit to the Complaint.

In response, Ms. Fleming contests the validity of the Agreements and argues that they do not support Wells Fargo's arguments. *See, e.g.*, Pl's Resp. 4–5 (arguing that there is no evidence that Ms. Fleming was liable for the corporate debt and that the deposit account agreement is inauthentic because it lacks a signature). Because the Agreements are challenged and do not qualify for consideration at this stage of litigation, the Court agrees with Plaintiff that the Motion to Dismiss should be denied.

It is universally accepted that the purpose of Federal Rule of Civil Procedure 12(b)(6) is to authorize a motion testing the facial sufficiency of a plaintiff's complaint. *E.g.*, *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). In order for the Rule to realize that purpose, the Court must assume all of the allegations in the Complaint are true. *E.g.*, *Mylan Lab'ys*, 7 F.3d at 1134, *see also Martin*, 980 F.2d at 952. And, in furtherance of that goal, the Court is prohibited from weighing evidence or resolving factual disputes. *Edwards*, 178 F.3d at 244. While the Court may consider limited materials outside the complaint, including "documents incorporated into the [pleading] by reference, and matters of which a court may take judicial notice," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), those external materials are not properly considered where the plaintiff disputes their authenticity or accuracy, *e.g.*, *Phillips v. LCI Intern., Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

Because Wells Fargo asks the Court to discredit the allegations of the Complaint in favor of Wells Fargo's opposing factual representations and exhibits, Wells Fargo's arguments do not properly support a motion filed pursuant to Rule 12(b)(6). *Compare* Mem. Supp. Mot. Dismiss 3 (arguing that Ms. Fleming agreed to be personally liable on the corporate credit account), *and*

Reply 1 (arguing that Ms. Fleming was a named party on the corporate credit account), *with* Compl. ¶¶ 5–6 (alleging that Ms. Fleming did not open the corporate credit account in her name, and was not a party thereto); *compare* Mem. Supp. Mot. Dismiss 3–4 (arguing that Ms. Fleming authorized Wells Fargo to set-off the corporate account), *with* Compl. ¶ 21 (alleging that Wells Fargo had no such authorization). And, even if Wells Fargo did not strictly ask the Court to discredit the allegations of the Complaint, its arguments rely solely on the terms of the Agreements, whose authenticity and existence Ms. Fleming clearly contests. Pl's Resp. 4–5 (contending that there is no evidence that Ms. Fleming was a party to the corporate credit account, and that the purported agreement controlling the personal deposit account lacks signature). As such, the Court is prohibited from considering the Agreements at this juncture. *Phillips*, 190 F.3d at 618.

Wells Fargo fails to advance a successful argument in light of the limitations of the Rule 12(b)(6) analysis. Thus, the Court will deny the Motion to Dismiss.

## IV. CONCLUSION

For the reasons detailed above, Defendant Wells Fargo's Motion to Dismiss will be denied. An appropriate Order shall issue.

/s/ *RCY*
Roderick C. Young
United States District Judge

Date: August 1, 2025
Richmond, Virginia